IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| HENRY JOINER | * |
| Plaintiff, | * |
| v. | * CIVIL ACTION NO. 2:05-CV-478-F |
| | WO |
| LES HAYES, III, *et al.*, | * |
| Defendants. | * |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Henry Joiner, an inmate incarcerated in the Hale County Jail in Greensboro, Alabama, challenges actions taken by the Honorable Les Hayes, III, a Montgomery Municipal Court Judge, with respect to criminal proceedings involving Plaintiff in 2002 and 2005. Plaintiff seeks monetary damages. Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

DISCUSSION

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

*1. The Honorable Les Hayes, III.*

The court has carefully reviewed Plaintiff's complaints concerning various legal proceedings held before the Montgomery Municipal Court in Montgomery, Alabama. The allegations Plaintiff makes against Judge Hayes relate to matters submitted before him as a presiding judge well as rulings issued by him in his judicial capacity during legal proceedings over which he had jurisdiction. The law is well established that judges are absolutely immune from civil liability for acts taken pursuant to their judicial authority. *Forrester v. White*, 484 U. S. 219, 227-229 (1988); *Paisey v. Vitale in and for Broward County*, 807 F.2d 889 (11th Cir. 1986); *Stump v. Sparkman*, 435 U.S. 349 (1978). Accordingly, Plaintiff's claim for monetary damages for actions undertaken by Judge Hayes is "based on an indisputably meritless legal theory" and is, therefore, subject to dismissal in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii). *See Neitzke v Williams*, 490 U.S. 319, 327 (1989).

*2. The Montgomery Municipal Court*

Plaintiff names the Montgomery Municipal Court as a defendant. The law is established that courts are not persons within the meaning of 42 U.S.C. § 1983. *See Moity v. Louisiana State Bar Association*, 414 F. Supp. 180, 182 (E.D. La. 1976), *aff'd*, 537 F.2d 1141 (5th Cir. 1976). Dismissal of Plaintiff's complaint against the Montgomery Municipal Court is, therefore, appropriate under 28 U.S.C. § 1915(e)(2)(B)(i).

CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's complaint be dismissed with prejudice prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **June 7, 2005**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 26th day of May, 2005.

                                        **/s/ Delores R. Boyd**
                                        DELORES R. BOYD
                                        UNITED STATES MAGISTRATE JUDGE